# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**ADONIUS BAILEY,**
**D.O.C. # T09937,**

    **Plaintiff,**

vs.                                    Case No. 4:19cv321-RH/CAS

**WAKULLA CORRECTIONAL**
**INSTITUTION ANNEX,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, submitted a document to this Court styled as a "petition for writ of replevin," ECF No. 1, in which Plaintiff seeks the return of his property or, in the alternative, the value of the property. *Id.* at 1. It was unclear whether Plaintiff intended to file this case in this Court as opposed to state court. Thus, an Order was entered which explained several deficiencies with Plaintiff's complaint and also advised Plaintiff that he must either pay the filing fee to bring this case or file an in forma pauperis motion. ECF No. 3. Plaintiff was given until October 4, 2019, to comply with that Order. *Id.*

As of this date, Plaintiff has not complied with that Order. Plaintiff was warned that his failure to comply would "result in entry of a recommendation to dismiss this case." ECF No. 3. Having been so warned, it appears that Plaintiff has abandoned this litigation and dismissal is appropriate.

The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs." Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1. A "court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order." Equity Lifestyle Properties, Inc. v. Fla. Mowing And Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009). Because Plaintiff has failed to prosecute this case, dismissal is now appropriate.

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on October 11, 2019.

    S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**